IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD LEA, JR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-776 |
| | ) | Hon. Joy Flowers Conti |
| PNC BANK, | ) | Hon. Nora Barry Fischer |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  Introduction**

Plaintiff Edward Lea, Jr. brought this employment discrimination suit against Defendant PNC Bank, National Association,[1] alleging that he was unlawfully fired because of his race and in retaliation for complaining of race discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3, as well as in violation of Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the PHRA. (Docket No. 25 at ¶¶ 1-2). Chief Judge Joy Flowers Conti referred the case, "in consultation with the parties,"[2] to the Hon. Kenneth Benson for mediation; the parties agreeing to pay equal 50% portions of the mediator's fee. (Docket No. 20). The Court further ordered that the ADR conference "shall be conducted in

---

[1] Defendant states that the caption incorrectly labels Defendant as PNC Bank, and asserts that it should instead be labeled PNC Bank, National Association. (Docket No. 28 at 1).
[2] The Court notes that the parties certified in their Stipulation Selecting ADR Process, (Docket No. 13), that they would bring representatives with "full and complete settlement authority" as specified in Section 2.7(A)(1-3). (*Id.* at IV).

1

accordance with Local Rule 16.2 and the Court's ADR Policies and Procedures." (Docket No. 20).

Approximately two weeks prior to the mediation, defense counsel emailed plaintiff's counsel requesting his initial demand, and specifically stating, "[m]ediation would be more meaningful if Defendant had the demand in advance." (Docket No. 30) (Sealed Exhibit 1). Plaintiff responded to the email by sending his initial demand to counsel for Defendant. (*Id.*). Given the language of the email it appears to the Court that Defendant was reiterating its intent to mediate this case. Moreover, Defendant was implying it could mediate more effectively with knowledge of Plaintiff's demand. However, on receipt of Plaintiff's demand, no further conversation ensued between counsel. (Docket No. 38 at 6:26–21). Further, the record does not reflect that the parties had a pre-mediation call with the neutral. (Docket No. 38 at 11:22–24).[3] Instead, it appears that the parties prepared for mediation, and lead defense counsel flew to Pittsburgh, Pennsylvania, without further communication.

On November 24, 2015, the parties and counsel met with the Hon. Kenneth Benson for mediation. (Docket No. 25). Mr. Lea, Mr. Lea's sister, and Mr. Cordes, Esq. appeared on behalf of the Plaintiff, and Mr. Ferguson, Esq. and Mr. Lieberman, Esq., appeared on behalf of Defendant.[4] (Docket Nos. 25, 38). The session lasted approximately two hours. (Docket No. 25 at 2).

Plaintiff contends that during the mediation session, Defendant refused to make an offer. (Docket No. 25). According to Defendant's version of the facts,[5] however, the parties were

---

[3] *See infra* discussion about pre-mediation calls.
[4] The Court notes that local counsel for the Defendant was not present at the mediation.
[5] Because of the mediator's privilege and the overall confidential nature of the mediation process, the Court's review is limited to the briefs, affidavits of the parties, and argument. *See* ADR Policies and Procedures, Section 6.

placed in separate rooms and it made an offer, but the mediator refused to convey the offer to the Plaintiff because "it would not be productive for him to communicate the settlement offer to Plaintiff's counsel." (Docket No. 28 at 3). Regardless of which version is more accurate, neither party disputes that the mediation session ended without a settlement offer being conveyed to Plaintiff. (Docket No. 28 at 3).

On November 25, 2015, Plaintiff filed a motion for sanctions, seeking reimbursement for his half of the neutral's fee as well as compensation for attorneys' fees incurred in preparation for the mediation by his counsel. (Docket No. 25). Defendant filed its response on December 15, 2015, (Docket No. 28), and this Court scheduled a Motion Hearing and Argument for January 11, 2016. (Docket No. 29). At the Motion Hearing and Argument, the Court offered, and the parties accepted, the opportunity to supplement the record with additional documents and/or briefing. (Docket No. 31, 38 at 25:1-5). The parties then filed same by January 25, 2016. (Docket Nos. 33, 35-37). A transcript of the proceeding was prepared, filed as a sealed entry on the docket, and provided to the Court on February 2, 2016. (Docket No. 38). Thus, the matter is ripe for disposition.[6]

## II. Legal Standard

"Rule 16 authorizes a court to require parties to attend conferences for the purpose of discussing settlement and impose sanctions if they fail to participate in good faith. . . . The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the

---

[6] The Court further notes that during the Hearing, the Court suggested to counsel that they revisit their mediation with Mr. Benson. (Docket No. 38 at 23:10–18). Given no request to this Court to be referred back to Mr. Benson and no docket entry reflecting further attempts at mediation, it appears the parties did not proceed in this fashion.

3

expeditious management of cases." *Grigoryants v. Safety-Kleen Corp.*, 2014 U.S. Dist. LEXIS 72190, at *13 (W.D. Pa. May 28, 2014) (quoting *Newton v. A.C. & S*, 918 F. 2d 1121, 1126 (3d Cir. 1990)). To that end, a Court may, on its own, sanction a party if it is "substantially unprepared to participate – or does not participate in good faith – in the conference." FED. R. CIV. P. 16(f); *see also Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007) (finding no express requirement in Rule 16(f) that a party must act in bad faith prior to a Court awarding sanctions).

Moreover, Courts in this district have relied on Rule 16 to impose sanctions when a party's failure to adhere to the requirements set forth in the Local Rules[7] and ADR Policies and Practices result in the wasteful expenditure of time and resources. *Vay v. Huston*, 2015 U.S. Dist. LEXIS 22479, at *13 (W.D. Pa. Feb. 25, 2015) ("the Western District holds parties responsible for their conduct at ADR and where a party's actions result in the needless expenditure of the other parties' time and resources, sanctions are warranted.") (internal citation omitted); *accord Arneault v. O'Toole*, 2014 U.S. Dist. LEXIS 36505, at *7–8 (W.D. Pa. Mar. 20, 2014) (citing Local Rule 16.2 as a basis for awarding ADR sanctions).

---

[7] Local Rule 16.2(B) states:

> The Court recognizes that full, formal litigation of claims can impose large economic burdens on parties and can delay resolution of disputes for considerable periods. The Court also recognizes that an alternative dispute resolution ("ADR") procedure can improve the quality of justice by improving the parties' understanding of their case and their satisfaction with the process and the result. The Court adopts LR 16.2 to make available to litigants a broad range of court-sponsored ADR processes to provide quicker, less expensive and potentially more satisfying alternatives to continuing litigation without impairing the quality of justice or the right to trial. The Court offers diverse ADR services to enable parties to pursue the ADR process that promises to deliver the greatest benefits to their particular case. In administering LR 16.2 and the ADR program, the Court will take appropriate steps to assure that no referral to ADR results in an unfair or unreasonable economic burden on any party.

LCvR 16.2(B). Further, Local Rule 16.2(E) makes clear that the ADR process is governed by the ADR Policies and Procedures that are available on the Court's website. LCvR 16.2(E).

**III.     Discussion**

Although Local Rule 16.2 specifies a number of ADR options available to the parties, including early neutral evaluation which is an evaluative process utilized often in cases where the parties' valuations of a case differ greatly, the parties here chose to mediate their case, and the Court ordered them to mediation. (Docket No. 13). Once the matter was referred to mediation, the parties were obligated to participate in good faith and in a manner that avoided wasting time and resources.[8] *See e.g.*, *Grigoryants*, 2014 U.S. Dist. LEXIS 72190, at *19–20 (awarding sanctions where Defendant failed to advise the court of its policy to wait until after the close of discovery to make any settlement offer).

Here, over two weeks before the mediation, Plaintiff provided his demand in writing in response to an email from defense counsel requesting same. (Docket No. 30). In this Court's estimation, after counsel for Defendant recognized that Plaintiff's demand was well beyond an amount to which his client might be agreeable, he had a duty to reach out to the Plaintiff's counsel to discuss the issue. *See Grigoryants*, 2014 U.S. Dist. LEXIS 72190, at *19–20 (holding that Defendant had an obligation to inform opposing counsel that it did not intend to make an offer due to its "'normal policy' to wait until after the close of discovery to make any settlement offer."). The failure to do so resulted in a largely unproductive mediation session which ended without an offer from Defendant being communicated to Plaintiff, wasting the time and resources of the parties, their counsel, and the neutral. Hence, the Court finds that Defendant engaged in sanctionable conduct as its counsel and representative did not participate in good faith in the ADR process. *See Vay*, 2015 U.S. Dist. LEXIS 22479, at *13.

---

[8] The Court further notes that amended Rule 1 of the Federal Rules of Civil Procedure likewise requires "the Court and the parties to secure the just, speedy, and inexpensive determination" of this action.

The better practice would have been for the attorneys to include the neutral in a conversation regarding the initial demand so that he could have been aware of the potential problem. *See* ADR Policies and Procedures, Section 3.6 *available at* http://www.pawd.uscourts.gov/sites/pawd/files/ADRPolicies.pdf ("The mediator **must** schedule a brief joint telephone conference with counsel and any unrepresented parties before the mediation session to discuss matters such as . . . the nature of the case . . . .") (emphasis added). Had counsel made the neutral aware of the situation, he likely could have ameliorated the problem by, among other things, suggesting that the mediation session be converted into an early neutral evaluation. To that end, the Court strongly recommends that in the future, when the neutral does <u>not</u> schedule a pre-ADR conference, <u>counsel for the parties</u> should initiate same and include the ADR neutral, to ensure that everyone is aware of their respective positions <u>prior</u> to any ADR session. *See e.g.*, ADR Policies and Procedures, Section 3.6.

The Court also notes that defense counsel's potential lack of awareness as to this Court's Local Rules or ADR Policies and Procedures does not excuse otherwise sanctionable behavior. Initially, a party is bound by the actions and omissions of its chosen counsel. *Lehman Bros. Holdings v. Gateway Funding Diversified Mortgage Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) ("[P]arties cannot 'avoid the consequences of the acts or omissions of [their] freely selected agent[s]. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent[.]'") (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). Second, although defense counsel who appeared at the mediation is not from the Western District of Pennsylvania, Defendant also employed very capable local counsel in this case, counsel who, if she were utilized for the mediation process, could have helped Defendant

avoid this motion practice and potential sanctions.

Finally, the Court turns to the sanctions, if any, to be awarded. Plaintiff has requested reimbursement of his share of the mediator's fee as well as attorneys' fees for his counsel to prepare for same and to bring the instant motion. (Docket No. 25 at 3). Plaintiff's motion also refers to the fact that he lost a day of work.

Having been prepared for mediation by his counsel, and likely having an understanding of what generally occurs at mediation sessions from his counsel and the mediator's website, i.e. that "[i]t is common for the mediator to go back and forth between the parties several times throughout the session," the Court is sympathetic to Plaintiff's frustration that the mediation session concluded without <u>any</u> settlement offer being conveyed to him. *Frequently Asked Questions*, JUSTUSMEDIATION, http://justusmediation.com/faqs.html (last visited February 25, 2016).[9] Despite that sentiment, given all the facts and circumstances, the Court was initially constrained to make any award, as in this Court's estimation, there was a failure to communicate on multiple levels. However, balancing the equities, in this Court's discretion, the Court believes that an award to reimburse the individual Plaintiff for his payment towards the neutral's fee should be ordered, *i.e.*, $875, (Docket No. 28-2) (invoice for mediation services). *See Vay*, 2015 U.S. Dist. LEXIS 22479, at *16 (awarding party its share of the ADR fee); *see also Arneault*, 2014 U.S. Dist. LEXIS 36505, at *7-8 (finding that a court's inherent authority permits an award for sanctions in an ADR case based on a violation of Local Rule 16.2).

On the other hand, the Court will not award Plaintiff's counsel his attorneys' fees. Pursuant to this Court's Rules and ADR Policies and Procedures, the parties were required to

---

[9] The Court would hope that counsel and/or the neutral explained to Plaintiff why no offer was made. Of course, it is not for this Court to second guess the strategies employed by counsel and/or the mediator.

participate in ADR unless exempted by the Court. LCvR 16.2(D) ("[T]he parties are required to discuss and, if possible, stipulate to an ADR process for that case."). Here, there was no exemption. (*See* Docket No. 13, 20). The Court does not dispute that Plaintiff's counsel and his client prepared for mediation. Further, the fees being sought are reasonable. Whether the ADR process had been mediation or early neutral evaluation, counsel would have expended similar energy to prepare for same and to participate. *See Vay*, 2015 U.S. Dist. LEXIS 22479, at *16 (refusing to award attorneys' fees for participation in the ADR process, despite awarding costs for the wasted mediation).[10]

Likewise, the Court will not award Plaintiff lost wages. First, Plaintiff has not provided any evidentiary support for lost wages. Second, akin to this Court's rationale regarding Plaintiff's request for attorneys' fees, Plaintiff's lost wages claim is denied because he would have likely taken the same time off to participate in an early neutral evaluation as he did for this failed mediation.

AND NOW, this 25th day of February, 2016, for the forgoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions, (Docket No. 25), is GRANTED, IN PART and DENIED, IN PART. Plaintiff's motion is GRANTED to the extent that it seeks compensation for Plaintiff's share of the ADR neutral fee. Plaintiff's motion is DENIED to the extent it seeks attorneys' fees for same and any lost wages.

---

[10] Once it became apparent to Plaintiff's counsel that the mediation would not bear fruit, he had the opportunity and the right to ask the neutral to convert the mediation into an early neutral evaluation, if the Defendant and its counsel had agreed. Based on the record before the Court, that did not happen. (*See* Docket No. 38 at 16:24–17:9).

IT IS FURTHER ORDERED that said payment shall be made by Defendant and its counsel to Plaintiff's counsel no later than March 15, 2016.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record